IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DOUGLAS BAER

       Plaintiff,

v.

WORLDWIDE TRANSPORTATION
SERVICES, INC., a Florida Corporation, and
ALI MALEK, individually

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DOUGLAS BAER, through undersigned counsel, files this Complaint against Defendants, WORLDWIDE TRANSPORTATION SERVICES, INC., ("WTS") and ALI MALEK, ("Malek") and alleges as follows:

### INTRODUCTION

1. This is an action by Plaintiff against Defendant, his former employer, for unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq., as well as unjust enrichment and unpaid wages under Florida common law. Plaintiff seeks damages and reasonable attorney's fees, together with other relief.

### JURISDICTION

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this case arises under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 ("FLSA"), as well as Florida State law causes of action that arises out of the same operative facts as Plaintiff's claims under the FLSA.

## THE PARTIES

3. Plaintiff, DOUGLAS BAER is a citizen and resident of Miami-Dade County, Florida.

4. Defendant, WORLDWIDE TRANSPORTATION SERVICES, INC. ("WTS") is a for profit corporation formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

5. Defendant, ALI MALEK was an individual resident of the State of Florida, who owned and operated WTS, and who regularly exercised the authority to: (a) hire and fire employees of WTS; (b) determine the work schedules for the employees of WTS; and (c) control the finances and operations of WTS.

6. At all material times relevant to this action (December 2012 – July 2014), Defendants were an enterprise engaged in commerce covered by the FLSA, and as defined by 29 U.S.C. §203(r) and §203(s).

7. At all material times relevant to this action (December 2012 – July 2014), Defendants made gross earnings of at least $500,000.00 annually.

8. At all material times relevant to this action (December 2012 – July 2014), Defendants had two or more employees engaged in commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

9. At all material times relevant to this action (December 2012 – July 2014), Defendants had two or more employees who used the telephone and/or computers to place and accept business calls with out of state customers on a daily basis in the normal course of its business.

10. Additionally, Plaintiff DOUGLAS BAER was an employee of Defendants from December 2012 – July 2014 and was individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

11. Plaintiff was employed by Defendants as a limousine driver.

12. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

13. All of Defendants' actions alleged in this Complaint occurred in Florida.

## GENERAL FACTUAL ALLEGATIONS

14. Plaintiff DOUGLAS BAER was employed by Defendants from December 2012 until July 2014 as a limousine driver.

15. Plaintiff was required to undergo training by Defendants' management, adhere to Defendants' written policies and procedures for performing jobs on Defendants' behalf, and wear certain attire/uniforms provided by Defendants.

16. The Defendants also required Plaintiff to attend various meetings and vehicle inspections during the course of his employment.

17. At all times during his employment with Defendants, Plaintiff only drove Defendants' vehicles to drive Defendants' clients. Defendants paid for these vehicles, along with the insurance and registration associated for these vehicles.

18. Plaintiff was required to pay for the fuel he used while driving Defendants' vehicles.

19. Defendants passed on the cost of fuel to its clients as a fuel charge, kept a percentage for themselves, and reimbursed some of Defendants' drivers the remaining portion.

20. Defendants never reimbursed Plaintiff for his fuel expenses.

21. Plaintiff's routes were limited to in-state routes within Florida.

22. Plaintiff was compensated by Defendants on a "per job" basis.

23. Thus, Plaintiff's regular rate of pay varied from week-to-week depending on the number of customers he transported during the week and the duration of the time spent driving those customers.

24. From December 2012 until July 2014 Plaintiff customarily worked in excess of forty (40) hour per week.

25. Defendant, however, failed to compensate Plaintiff at the rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours per week.

26. Documentation concerning the number of hours worked by Plaintiff and the compensation actually paid to Plaintiff is in the possession and custody and control of Defendant.

27. Upon information and belief, Plaintiff's regular rate of pay during his employment with Defendants averaged approximately $23.00 per hour.

28. Upon information and belief, during the period between December 2012 until July 2014, Plaintiff worked approximately 1650 overtime hours.

29. Upon information and belief Plaintiff was compensated at his regular rate of pay for approximately 450 of these overtime hours.

30. For these 450 hours, Defendants failed to compensate Plaintiff at the rate of one and one-half times his regular rate of pay.

31. For these 450 hours, Defendants owe Plaintiff at least an additional $11.50 per hour.

32. Therefore, for these 450 hours, Defendants owe Plaintiff approximately $5,175.00.

33. Upon information and belief Plaintiff was not compensated with any pay, overtime or otherwise for 1200 of these overtime hours.

34. For these 1200 hours Defendant underpaid Plaintiff by at least $34.50 per hour.

35. Therefore, for these 1200 hours, Defendants owe Plaintiff approximately $41,400.00.

36. During his employment with Defendants, Plaintiff also spent approximately $12,000.00 on fuel that was not reimbursed by Defendants.

37. Defendants owe Plaintiff at least $12,000.00 for this unreimbursed fuel.

38. During Plaintiff's employment with Defendants, Defendants deducted approximately $1,101.10 from Plaintiff's pay.

39. Defendants gave no notice to Plaintiff prior to taking these deductions.

40. Defendants told Plaintiff that these deductions were for expenses incurred by Defendants such as office supplies, operations equipment and workers' compensation insurance.

41. These deductions were inappropriate deductions from Plaintiff's wages.

42. Defendants owe Plaintiff at least $1,101.10 for these deductions.

43. During Plaintiff's employment with Defendants, Defendants underpaid Plaintiff approximately $3,544.06 unrelated to the allegations above, by miscalculating his pay.

44. Plaintiff brought this miscalculation to Defendants attention on several occasions but Defendants refused to correct these payroll discrepancies.

45. Defendants owe Plaintiff at least $3,544.06 for this additional underpayment of wages.

46. Plaintiff has retained the law firm of THE LAW OFFICES OF NEIL D. KODSI to represent him in this matter and has agreed to pay the law firm a reasonable fee for its services.

## COUNT I - FLSA OVERTIME WAGE VIOLATION

47. Plaintiff realleges and incorporate paragraphs 1 through 46, as if fully set forth herein.

48. Throughout Plaintiff's employment, Defendants repeatedly and willfully violated Section 7 and Section 15 of FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40)

hours.

49. Defendants did not act in good faith or reliance upon any of the following in formulating its decision to improperly compensate Plaintiff his appropriate overtime rate for hours worked in excess of forty (40) hours per week: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.,* (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

WHEREFORE, Plaintiff demands a judgment against Defendant for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and

(e) Such other relief as the Court deems just and equitable.

## COUNT II – UNPAID WAGES UNDER FLORIDA LAW

50. Plaintiff realleges and incorporate paragraphs 1 through 46, as if fully set forth herein.

51. This is an action brought pursuant to Florida Statutes Chapter 448.

52. During Plaintiff's employment with Defendants, Defendants deducted approximately $1,101.10 from Plaintiff's pay without any legitimate explanation for doing so.

53. Defendants owe Plaintiff at least $1,101.10 for these deductions.

54. During Plaintiff's employment with Defendants, Defendants underpaid Plaintiff approximately $3,544.06 unrelated to the allegations above, by miscalculating his pay.

55. Plaintiff brought this miscalculation to Defendants attention on several occasions but Defendants refused to correct these payroll discrepancies.

56. Defendants owe Plaintiff at least $3,544.06 for this additional underpayment of wages.

57. Plaintiff is seeking unpaid wages in the form of compensation for the discrepancies in pay referenced above.

58. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to costs of the action and reasonable attorneys' fees.

WHEREFORE, Plaintiff seeks an order requiring Defendants to pay Plaintiff the value of his unpaid wages plus prejudgment interest, and reasonable attorneys' fees.

## COUNT III – UNJUST ENRICHMENT UNDER FLORIDA LAW

59. Plaintiff realleges and incorporates paragraphs 1 through 46, as if fully set forth herein.

60. Defendants received substantial benefits from Plaintiff who drove for Defendants at Defendants' direction.

61. Defendants assigned Plaintiff to drive Defendants' premium vehicle, a Mercedes Benz S Class and assigned Plaintiff their most important and lucrative accounts.

62. Defendants nonetheless retained, and were unjustly enriched, by the accounts it retained from their customers for the driver services provided by Plaintiff without fully reimbursing him for the expenses of providing such service.

63. During all times relevant, Defendants charged their customers a fuel charge for fuel purchased by Plaintiff and received substantial payments from their customers for such fuel charges.

64. Defendants did not purchase the fuel used by Plaintiff and for the clients he drove,

which are subject to the fuel charge billed to the client.

65. Yet, Defendants kept all of the monies Defendants received from their clients for fuel.

66. Thus, Defendants have been unjustly enriched at Plaintiff's expense as a result of failing to reimburse Plaintiff for his fuel expenses which were incurred at the benefit of Defendants.

WHEREFORE, Plaintiff is entitled to full restitution for his fuel expenses, including but not limited to payment for any fuel charges improperly retained by Defendants from Defendants' clients.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, PLAINTIFF demands a trial by jury on all issues so triable in this matter.

DATED: February 5, 2015

*/s/ Neil D. Kodsi*
NEIL D. KODSI, ESQUIRE
Florida Bar No. 0011255
Email: nkodsi@ndkodsilaw.com
THE LAW OFFICES OF NEIL D. KODSI
Two South University Drive, Suite 330
Plantation, FL 33324
Telephone: (786) 464-0841
Facsimile: 954-760-4305
**Counsel for Plaintiff, Douglas Baer**